# IN THE UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF OHIO
# EASTERN DIVISION AT CLEVELAND

| | | |
|---|---|---|
| **VICKY LINDSEY,** on behalf of herself and others similarly situated, | : : : | |
| **Plaintiff**, | : : | CASE NO. 1:20-cv-1221 |
| v. | : : : | JUDGE |
| | : : | MAGISTRATE JUDGE |
| **HANDS OF MERCY FAMILY CARE, LLC,** c/o Victor A. Mezacapa III 6652 Silvermound Drive Mentor, OH 44060 | : : : : : : : | **JURY DEMAND ENDORSED HEREON** |
| **Defendant**. | : | |

## PLAINTIFF'S COLLECTIVE AND CLASS ACTION COMPLAINT FOR VIOLATIONS OF THE FAIR LABOR STANDARDS ACT AND OHIO LAW

Plaintiff Vicky Lindsey ("Lindsey" or "Plaintiff" or "Named Plaintiff") individually and on behalf of other members of the general public similarly situated, for her complaint against Defendant Hands of Mercy Family Care, LLC ("Hands of Mercy" or "Defendant") for its failure to pay employees overtime wages seeking all available relief under the Fair Labor Standards Act of 1938 ("FLSA"), 29 U.S.C. §§ 201, *et seq.*, the Ohio Minimum Fair Wage Standards Act, O.R.C. 4111.03 and 4111.08 ("the Ohio Wage Act"); and the Ohio Prompt Pay Act ("OPPA"), Ohio Rev. Code § 4113.15 (the Ohio Wage Act and the OPPA will be referred to collectively as "the Ohio Acts"). The claims under the FLSA are brought as a collective action pursuant to 29 U.S.C. § 216(b); and the claims pursuant to O.R.C. § 4111.03, 4111.08, and the OPPA are brought as a class action pursuant to Rule 23. Named Plaintiff, individually and on behalf of others similarly situated, hereby states as follows:

**JURISDICTION AND VENUE**

1. This action is brought pursuant to the FLSA, the Ohio Acts, and 28 U.S.C. §1331.

2. This Court's jurisdiction in this matter is also predicated upon 28 U.S.C. §1367 as this Complaint raises additional claims pursuant to the laws of Ohio, over which this Court maintains supplemental subject matter jurisdiction because they form a part of the same case or controversy.

3. Venue is proper in this forum pursuant to 28 U.S.C. §1391, because Defendant employed the Named Plaintiff and others similarly situated in the Northern District of Ohio, a substantial part of the events or omission giving rise to the claim occurred in the Northern District of Ohio, and Defendant's principal place of business is in the Northern District of Ohio, to wit, 29311 Euclid Ave., Wickliffe, Ohio 44092.

**I.     PARTIES**

**Plaintiff**

4. Named Plaintiff is an individual, United States citizen, and a resident of the State of Ohio living in the Northern District of Ohio.

5. Named Plaintiff was employed by Defendant beginning in or around March 2019 until July 2019.

6. Named Plaintiff primarily worked as an hourly, non-exempt employee of Defendant as defined in the FLSA and the Ohio Acts.

7. At all times relevant, Plaintiff was a home health aide providing in-home care, assistance, and companionship for Defendant's clients.

8. Named Plaintiff brings this action on her own behalf and on behalf of those similarly situated, and she has given their written consent to bring this collective action to recover

unpaid overtime under the FLSA and to recover unpaid overtime under the Ohio Wage Act. The Named Plaintiff's consent is being filed along with the Complaint pursuant to 29 U.S.C. §216(b). (*Consent to be Party Plaintiff*, attached hereto as **Exhibit A**).

**Defendant**

9. Defendant is a domestic limited liability company that has its principal place of business in the Northern District of Ohio and operates and conducts substantial business activities in the Northern District of Ohio. Defendant is a home health care company that specializes in senior and geriatric care, including, providing medical, personal, and home care services.

10. During relevant times, Defendant has had operational control over significant aspects of the day-to-day functions of the Named Plaintiff and those similarly situated.

11. During relevant times, Defendant has had the authority to control the work schedules and employment conditions of Named Plaintiff and those similarly situated.

12. During relevant times, Defendant has had ultimate authority and control of employment records.

13. At all times relevant hereto, Defendant was fully aware of the fact that it was legally required to comply with the wage and overtime laws of the United States and of the State of Ohio.

**II.    FACTS**

14. During her employment with Defendant, Named Plaintiff worked as a Home Health Aide ("HHA") providing companionship services, domestic services, home care, and other in-home services.

15. In addition to HHAs, Defendant employed nursing assistants, homemakers, companions, Licensed Practical Nurses ("LPN"), and retired medical professionals.

16. Named Plaintiff and Defendant's other HHAs, nursing assistants, homemakers, companions, LPNs, and retired medical professionals traveled to Defendant's patients' homes throughout the day to provide home care services for each patient.

17. Defendant only compensated Named Plaintiff and Defendant's other HHAs, nursing assistants, homemakers, companions, LPNs, and retired medical professionals while they were providing care to each patient. Consequently, Defendant required Named Plaintiff and Defendant's other HHAs, nursing assistants, homemakers, companions, LPNs, and retired medical professionals to clock in via telephone when the employees arrived at the patient's home, and to clock out via telephone when the employees left the patient's home.

18. Named Plaintiff and Defendant's other HHAs, nursing assistants, homemakers, companions, LPNs, and retired medical professionals then traveled to the next patient and repeated the clocking in and clocking out process.

19. At times, Named Plaintiff and Defendant's other HHAs, nursing assistants, homemakers, companions, LPNs, and retired medical professionals were required to travel to Defendant's office to obtain supplies to complete their job duties.

20. Despite the travel time between patients and time spent obtaining work supplies from Defendant's office being a necessary and integral part of Named Plaintiff's and Defendant's other HHAs', nursing assistants', homemakers', companions', LPNs', and retired medical professionals' job duties, Defendant did not pay them for this time.

21. Named Plaintiff and Defendant's other HHAs, nursing assistants, homemakers, companions, LPNs, and retired medical professionals regularly worked more than 40 hours per week; however, Defendant did not pay them one and one-half times their regular rates of pay for all hours worked over 40.

22. Defendant only paid Named Plaintiff and Defendant's other HHAs, nursing assistants, homemakers, companions, LPNs, and retired medical professionals for time they spent actually with Defendant's patients.

23. At all times relevant herein, the Named Plaintiff and other similarly situated employees was an employee of Defendant as defined in the FLSA and the Ohio Acts.

24. At all times relevant herein, Named Plaintiff and other similarly situated employees were hourly, non-exempt employees of Defendant as defined in the FLSA and the Ohio Acts.

25. At all times relevant to this action, Defendant has been engaged in commerce or in the production of goods for commerce, and/or the business activities of Defendant constituted an enterprise engaged in commerce within the meaning of the FLSA.

26. Upon information and belief, Defendant's employees were engaged in interstate commerce and Defendant have annual gross volume sales and/or business in an amount not less than $500,000.00.

27. During relevant times, Defendant suffered and permitted the Named Plaintiff and similarly situated employees, including HHAs, nursing assistants, homemakers, companions, LPNs, and retired medical professionals, to work more than forty (40) hours per workweek, while not compensating them for all such hours worked over forty (40) at a rate of at least one and one-half times their regular rates of pay.

28. Upon information and belief, Defendant, at all times relevant hereto, were fully aware of the fact that they were legally required to comply with the wage and overtime payment and recordkeeping laws of the United States and of the State of Ohio.

29. During relevant times, Defendant had knowledge of and acted willfully in regard to their conduct described herein.

30. Defendant's failure to compensate Named Plaintiff and other HHAs, nursing assistants, homemakers, companions, LPNs, and retired medical professionals as set forth above resulted in unpaid overtime.

### III. 216(b) COLLECTIVE ALLEGATIONS

31. The Named Plaintiff brings her FLSA claims pursuant to 29 U.S.C. §216(b) as a representative action on behalf of herself and all other similarly situated employees of the opt-in class. The collective consisting of:

> All current and former hourly, non-exempt employees of Defendant who during the last three (3) years preceding the filing of this Complaint and continuing through the final disposition, worked 40 or more hours in any workweek (the "FLSA Collective" or the "FLSA Collective Members").

32. Examples of employees that may be members of the FLSA Collective includes, but may not be limited to, HHAs, nursing assistants, homemakers, companions, LPNs, retired medical professionals, and other hourly, non-exempt employees of Defendant.

33. This FLSA claim is brought as an "opt-in" collective action pursuant to 29 U.S.C. §216(b) as to claims for overtime compensation, compensation withheld in violation of the FLSA, liquidated damages and attorneys' fees under the FLSA. In addition to the Named Plaintiff, numerous putative FLSA Collective Members have been denied proper overtime compensation due to Defendant's company-wide payroll policies and practices. The Named Plaintiff is representative of those other similarly situated employees and is acting on behalf of their interests as well as her own in bringing this action.

34. The identity of the putative FLSA Collective Members are known to Defendant and are readily identifiable through Defendant's payroll records. These individuals may readily be notified of this action and allowed to opt into it pursuant to 29 U.S.C. §216(b), for the purpose of

collectively adjudicating their claims for overtime compensation, liquidated damages, attorneys' fees and costs under the FLSA.

## IV. RULE 23 ALLEGATIONS

35. The Named Plaintiff brings her Ohio Wage Act claims pursuant to Fed. R. Civ. P. 23 as a class action on behalf of herself and all other members of the following class:

> All current and former hourly, non-exempt employees of Defendant who during the last two (2) years preceding the filing of this Complaint and continuing through the final disposition, worked 40 or more hours in any workweek (the "Rule 23 Class" or the "Rule 23 Class Members").

36. The Rule 23 Class includes all current or former hourly, non-exempt employees employed by Defendant throughout the State of Ohio as defined above.

37. The Rule 23 Class, as defined above, is so numerous that joinder of all members is impracticable.

38. The Named Plaintiff is a member of the Rule 23 Class and her claims for unpaid wages are typical of the claims of other members of the Rule 23 Class.

39. The Named Plaintiff will fairly and adequately represent the Rule 23 Class and the interests of all members of the Rule 23 Class.

40. The Named Plaintiff has no interests that are antagonistic to or in conflict with those interests of the Rule 23 Class that she has undertaken to represent.

41. The Named Plaintiff has retained competent and experienced class action counsel who can ably represent the interests of the entire Rule 23 Class.

42. Questions of law and fact are common to the Rule 23 Class.

43. Class certification is appropriate under Fed. R. Civ. P. 23(b)(1) because individual actions would create the risk of inconsistent or varying adjudications that would establish incompatible standards of conduct for Defendant with respect to their non-exempt employees.

44. Class certification is appropriate under Fed. R. Civ. P. 23(b)(2) as Defendant acted or refused to act on grounds generally applicable to the Rule 23 Class, making appropriate declaratory and injunctive relief with respect to the Named Plaintiff and the Rule 23 Class as a whole.

45. Class certification is appropriate under Fed. R. Civ. P. 23(b)(3) as the questions of law and facts common to the Rule 23 Class predominate over questions affecting individual members of the Rule 23 Class and because a class action is superior to other available methods for the fair and efficient adjudication of this litigation.

46. Questions of law and fact that are common to the Rule 23 Class include, but are not limited to: (a) whether Defendant violated the Ohio Wage Act by failing to properly pay the Rule 23 Class for all hours worked in excess of forty hours per week at one and a half times their regular rates of pay; (b) whether Defendant kept accurate records of the amount of time the Rule 23 Class was working each day; (c) whether Defendant paid the Rule 23 Class's an overtime rate of pay as required by the statute; (d) whether Defendant's compensated the Rule 23 Class for time spent traveling between patients and to Defendant's office to obtain supplies; (e) whether Defendant's violations of the Ohio Wage Act were knowing and willful; (f) what amount of unpaid and/or withheld compensation, including overtime compensation, is due to the Named Plaintiff and other members of the Rule 23 Class on account of Defendant's violations of the Ohio Wage Act; and (g) what amount of prejudgment interest is due to Rule 23 Class members on the overtime or other compensation which was withheld or not paid to them.

47. A class action is superior to individual actions for the fair and efficient adjudication of Named Plaintiff's claims and will prevent undue financial, administrative, and procedural burdens on the parties and the Court. The Named Plaintiff and counsel are not aware of any pending Ohio litigation on behalf of the Rule 23 Class, as defined herein, or on behalf of any individual alleging a similar claim. Because the damages sustained by individual members are modest compared to the costs of individual litigation, it would be impractical for class members to pursue individual litigation against the Defendant to vindicate their rights. Certification of this case as a class action will enable the issues to be adjudicated for all class members with the efficiencies of class litigation.

### V. CAUSES OF ACTION

**FIRST CAUSE OF ACTION:**
**FLSA – COLLECTIVE ACTION FOR UNPAID OVERTIME**

48. All of the preceding paragraphs are realleged as if fully rewritten herein.

49. This claim is brought as part of a collective action by the Named Plaintiff on behalf of herself and the FLSA Collective.

50. The FLSA requires that employees receive overtime compensation for hours worked in excess of forty (40) per week. 29 U.S.C. § 207(a)(1).

51. During the three years preceding the filing of this Complaint, Defendant employed the Named Plaintiff and the FLSA Collective.

52. The Named Plaintiff and the FLSA Collective were paid on an hourly basis and worked in non-exempt positions.

53. The Named Plaintiff and the FLSA Collective regularly worked in excess of 40 hours in workweeks.

54. Defendant violated the FLSA with respect to Named Plaintiff and the FLSA Collective by, *inter alia*, failing to compensate them at time-and-one-half times their regular rates for hours worked over forty (40) hours in a workweek.

55. Specifically, Defendant failed to pay Named Plaintiff and the FLSA Collective an overtime rate of one and half times their regular rate of pay for all hours worked over forty (40) in a workweek.

56. The Named Plaintiff and the FLSA Collective were not exempt from receiving FLSA overtime benefits.

57. Defendant knew or should have known of the overtime payment requirements of the FLSA. Despite such knowledge, Defendant willfully withheld and failed to pay the overtime compensation to which Named Plaintiff and the FLSA Collective are entitled.

58. The exact total amount of compensation, including overtime compensation, that Defendant has failed to pay the Named Plaintiff and the FLSA Collective is unknown at this time, as many of the records necessary to make such precise calculations are in the possession of Defendant or were not kept by Defendant.

59. As a direct and proximate result of Defendant's conduct, the Named Plaintiff and the FLSA Collective have suffered and continue to suffer damages. The Named Plaintiff seeks unpaid overtime and other compensation, liquidated damages, interest and attorneys' fees, and all other remedies available, on behalf of herself and the FLSA Collective.

**SECOND CAUSE OF ACTION:**
**R.C. 4111.03 — RULE 23 CLASS ACTION FOR UNPAID OVERTIME**

60. All of the preceding paragraphs are realleged as if fully rewritten herein.

61. This claim is brought under the Ohio Wage Act.

62. The Named Plaintiff and the Rule 23 Class Members have been employed by Defendant, and Defendant is an employer covered by the overtime requirements under the Ohio Wage Act.

63. The Ohio Wage Act requires that employees receive overtime compensation "not less than one and one-half times" (1.5) the employee's regular rate of pay for all hours worked over forty (40) in one workweek, "in the manner and methods provided in and subject to the exemptions of section 7 and section 13 of the Fair Labor Standards Act of 1937." *See* O.R.C. § 4111.03(A); *see also* 29 U.S.C. § 207(a)(1).

64. The Named Plaintiff and the Rule 23 Class Members worked in excess of the maximum weekly hours permitted under O.R.C. § 4111.03 but were not paid overtime wages for this time spent working.

65. The Named Plaintiff and the Rule 23 Class were not exempt from the wage protections of the Ohio Wage Act.

66. Defendant's repeated and knowing failures to pay overtime wages to the Named Plaintiff were violations of R.C. §4111.03, and as such, Defendant willfully withheld and failed to pay the overtime compensation to which Named Plaintiff and the Rule 23 Class Members are entitled.

67. For Defendant's violations of R.C. §4111.03, by which the Named Plaintiff and the Rule 23 Class Members have suffered and continue to suffer damages, the Named Plaintiff seeks unpaid overtime and other compensation, liquidated damages, interest and attorneys' fees, and all other remedies available, on behalf of herself and the Rule 23 Class Members.

**THIRD CAUSE OF ACTION:**
**R.C. 4113.15 — RULE 23 CLASS ACTION FOR OPPA VIOLATION**

68. All of the preceding paragraphs are realleged as if fully rewritten herein.

69. The Named Plaintiff and the Rule 23 Class Members were employed by Defendant.

70. During all relevant times, Defendant was an entity covered by the OPPA and the Named Plaintiff and the Rule 23 Class Members have been employed by Defendant within the meaning of the OPPA.

71. The OPPA requires Defendant to pay Named Plaintiff and the Rule 23 Class Members all wages, including unpaid overtime, on or before the first day of each month, for wages earned by them during the first half of the preceding month ending with the fifteenth day thereof, and on or before the fifteenth day of each month, for wages earned by them during the last half of the preceding calendar month. *See* O.R.C. § 4113.15(A).

72. During relevant times, Named Plaintiff and the Rule 23 Class Members were not paid all wages, including overtime wages at one and one-half times their regular rate within thirty (30) days of performing the work. *See* O.R.C. § 4113.15(B).

73. The Named Plaintiff and the Rule 23 Class Members unpaid wages remain unpaid for more than thirty (30) days beyond their regularly scheduled payday.

74. In violating the OPPA, Defendant acted willfully, without a good faith basis and with reckless disregard of clearly applicable OPPA.

**FOURTH CAUSE OF ACTION**
**RECORDKEEPING VIOLATIONS OF THE OHIO WAGE ACT**

75. All of the preceding paragraphs are realleged as if fully rewritten herein.

76. The Ohio Wage Act requires employers to maintain and preserve payroll or other records containing, among other things, the hours worked each workday and the total hours worked each workweek. See O.R.C. § 4111.08. See also, 29 C.F.R. §§ 516.2 et seq.

77. During times material to this complaint, Defendant was a covered employer, and required to comply with the Ohio Wage Act's mandates.

78. Named Plaintiff and the Ohio Rule 23 Class Members were covered employees entitled to the protection of the Ohio Wage Act and Ohio Constitution Art. 2 §34a.

79. During times material to this complaint, Defendant violated the Ohio Wage Act and Ohio Constitution Art. 2 §34a with respect to Named Plaintiff and the Ohio Rule 23 Class Members by failing to properly maintain accurate records of all hours Named Plaintiff and the Ohio Rule 23 Class Members worked each workday and within each workweek.

80. In violating the Ohio Wage Act, Defendant acted willfully and with reckless disregard of clearly applicable Ohio Wage Act and Ohio Constitution Art. 2 §34a provisions.

## VI. PRAYER FOR RELIEF

**WHEREFORE**, Named Plaintiff requests judgment against Defendant for an Order:

A. Certifying the proposed FLSA collective action;

B. Directing prompt issuance of notice pursuant to 29 U.S.C. § 216(b) to the FLSA Collective apprising them of the pendency of this action, and permitting them to timely assert their rights under the FLSA and pursuant to 29 U.S.C. § 216(b);

C. Certifying the proposed Rule 23 Class under the Ohio Wage Act;

D. Finding Defendant failed to keep accurate records in accordance with the Ohio Wage Act and that as a result, Named Plaintiff, the FLSA Overtime Collective Members, and the Ohio Rule 23 Class are entitled to prove their hours worked with reasonable estimates;

E. Awarding to Named Plaintiff and the FLSA Collective unpaid compensation, including overtime wages as to be determined at trial together with any liquidated damages allowed by the FLSA;

F. Awarding to Named Plaintiff and the Rule 23 Class Members unpaid compensation, including overtime wages as to be determined at trial together with any liquidated damages allowed by the Ohio Wage Act;

G. Awarding Named Plaintiff, the FLSA Collective, and the Rule 23 Class Members costs and disbursements and reasonable allowances for fees of counsel and experts, and reimbursement of expenses;

H. Awarding Named Plaintiff, the FLSA Collective, and the Rule 23 Class Members such other and further relief as the Court deems just and proper;

I. Issuing an injunction prohibiting Defendant from engaging in present, ongoing and future violations of the FLSA and the Ohio Acts;

J. Granting Named Plaintiff leave to amend to file additional claims for relief or different causes of action should information become available through investigation and discovery; and

K. Rendering a judgment against Defendant for all damage, relief, or any other recovery whatsoever.

Respectfully submitted,

**COFFMAN LEGAL, LLC**

*/s/ Matthew J.P. Coffman*
Matthew J.P. Coffman (0085586)
Adam C. Gedling (0085256)
1550 Old Henderson Road, Suite 126
Columbus, Ohio 43220
Phone: 614-949-1181
Fax: 614-386-9964
Email: mcoffman@mcoffmanlegal.com
 agedling@mcoffmanlegal.com

*Attorneys for Named Plaintiff
and those similarly situated*

## **JURY DEMAND**

Named Plaintiff requests a trial by a jury of eight (8) persons.

                                        */s/ Matthew J.P. Coffman*
                                        Matthew J.P. Coffman